# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MISCHA WALKER,** | * |
| *Petitioner*, | * |
| | * Criminal No. RWT-12-0199 |
| v. | * Civil No. RWT-16-2286 |
| **UNITED STATES OF AMERICA,** | * |
| *Respondent*. | * |

## MEMORANDUM OPINION

Now pending before the Court are Petitioner's (1) Motion to Correct Sentence Under 28 U.S.C. § 2255 ("§ 2255 Motion") (ECF No. 59), and (2) supplemental motion under § 2255 ("Supplemental Motion") (ECF No. 60), as well as the Government's Motion to Dismiss Petitioner's § 2255 Motion ("Motion to Dismiss") (ECF No. 64). For the reasons discussed below, the Court will grant the Government's Motion and deny Petitioner's Motions.

### 1. Background

The background facts of this case, well stated by the Government in its Motion to Dismiss, ECF No. 64 at 1–2, are as follows:

> On July 2, 2012, Mischa Walker ("Petitioner") pled guilty to Possession of a Firearm After Felony Conviction, in violation of 18 U.S.C. § 922(g). At sentencing, the Court adopted the presentence report [("PSR")] without change and determined that Petitioner's base offense level was 22 under [the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.")] § 2K2.1(a)(3), which meant that Petitioner had committed the instant offense subsequent to sustaining one felony conviction of a crime of violence. PSR at ¶ 23. When combined with the other [Guidelines] applications, Petitioner's final offense level was calculated to be 27. PSR at ¶ 33. At the established criminal history category IV, this resulted in a sentencing range of 100 to 125 months. However, the statutory maximum was 120 months; therefore, Petitioner's sentencing range was 100 to 120 months.

On October 16, 2012, Petitioner was sentenced to 120 months imprisonment. Petitioner appealed and the Fourth Circuit affirmed the judgment of the district court. *United States v. Walker*, 523 F. App'x 974 (4th Cir. 2013).

On February 24, 2014, Petitioner filed his first Motion to Vacate under 28 U.S.C. § 2255 (ECF 46), which was denied on July 31, 2015 (ECF 54, 55).

On June 21, 2016, the Fourth Circuit granted Petitioner authorization to file a successive habeas application. *In re: Mischa Walker*, No. 16-767 (ECF 58). [Petitioner, through counsel, filed his authorized § 2255 Motion on June 22, 2016. ECF No. 59.] In his motion, Petitioner claimed he was entitled to relief pursuant to the decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Specifically, Petitioner claimed that his base offense level should decrease under U.S.S.G. § 2K2.1(a) because his "prior attempted voluntary manslaughter conviction is no longer a 'crime of violence.'" ECF No. 59 at 2.

On December 12, 2016, Petitioner filed a *pro se* Supplemental Motion raising a claim under *Mathis v. United States*, 136 S. Ct. 2243 (2016) (ECF 60).

Finally, on September 18, 2017, Petitioner's Federal Public Defender filed a Motion to Withdraw as Attorney (ECF 61), which was granted on September 21, 2017 (ECF 62).

On October 4, 2017, the Government filed its Motion to Dismiss, ECF No. 64, to which Petitioner filed a *pro se* Response on October 18, 2017. ECF No. 65.

## 2. Discussion

Under § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a) (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [petitioner] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. § 2255(b). The Court finds that all of Petitioner's arguments either have no legal merit or are procedurally barred.

**A.     The Supreme Court's Decision in *Beckles v. United States* Precludes Petitioner's Argument Under *Johnson v. United States*.**

Based on his conviction under 18 U.S.C. § 922(g)(1), the Guidelines, as pertinent to Petitioner's case, provided for an enhanced base level offense "if (A) the offense involved a . . . (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. Manual § 2K2.1(a)(3)(A)(ii)&(B) (U.S. Sentencing Comm'n 2012). A "crime of violence" is defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* ["residual clause"].

*Id.* § 4B1.2(a) (emphasis added). Based on these Guidelines, the PSR recommended, and the Court accepted, an enhanced offense level for Petitioner predicated on his prior conviction for attempted voluntary manslaughter.[1] ECF No. 29; ECF No. 59.

Petitioner asserts that because the Supreme Court in *Johnson* held that the residual clause of the ACCA was void for vagueness, the identical residual clause in § 4B1.2(a)(2) is also void for vagueness. ECF No. 59 at 4. Therefore, Petitioner argues, his prior conviction is no longer a "crime of violence" subjecting him to the sentence enhancement under § 2K2.1(a)(3)(A)(ii)&(B). *Id.* at 8. However, subsequent to Petitioner filing his § 2255 Motion, the Supreme Court decided *Beckles v. United States,* 137 S. Ct. 886, 895 (2017), in which the Court held that "the advisory

---

[1] The Guidelines commentary explains that "manslaughter" constitutes a "crime of violence" under the definition in § 4B1.2(a). U.S.S.G. Manual § 4B1.2 cmt. n.1 (U.S. Sentencing Comm'n 2012). Therefore, at the time of his conviction, Petitioner had previously been convicted of at least one felony offense punishable by imprisonment of more than one year which was a "crime of violence" under § 4B1.2(a). *See United States v. Mobley*, 687 F.3d 625, 629, 631 (4th Cir. 2012) (stating that offenses listed in Commentary Application Note 1 to § 4B1.2, including manslaughter, are additional enumerated crimes considered "crime[s] of violence").

Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." Accordingly, Petitioner is precluded from claiming relief under the *Johnson* void-for-vagueness doctrine, and the Court's application of the sentencing enhancement under § 2K2.1(a)(3)(A)(ii)&(B) was proper.

**B.     Petitioner's Supplemental Motion Is Procedurally Barred As an Unauthorized Successive § 2255 Motion.**

The Fourth Circuit granted Petitioner's request to file a successive § 2255 motion because he "made a prima facie showing that the new rule of constitutional law announced in *Johnson* . . . may apply to his case." ECF No. 58 at 1. In his Supplemental Motion, Petitioner raises a new claim under *Mathis v. United States*. ECF No. 60. Because the Fourth Circuit's authorization was based solely on *Johnson*, Petitioner cannot bring claims under *Mathis* in his Supplemental Motion to his § 2255 Motion.

Other courts have recently reached the same conclusion. For example, in *Bailey v. United States*, No. 3:16-CV-715-TAV, 2017 WL 1498007, at *1 (E.D. Tenn. Apr. 26, 2017), the petitioner obtained authorization to submit a successive § 2255 motion based on *Johnson*. The Government filed a motion to dismiss the successive § 2255 motion under *Beckles*, and the petitioner responded with an argument for relief based on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis*. *Id.* Upon review, the court held that because the Sixth Circuit only authorized the successive § 2255 motion based on *Johnson*, the petitioner could only rely on *Johnson*. *Id.* at *4. The court stated that, "[t]o the extent that Petitioner would like this Court to consider the merits of his alternative theory of collateral attack, he must first seek authorization for that specific claim in accordance with § 2255(h)(2)." *Id.*; *accord Ewing v. United States*, No. 2:16-CV-571, 2017 WL 2625389, at *1 (S.D. Ohio June 19, 2017) (finding Sixth Circuit's grant of authorization for successive § 2255 motion based solely on *Johnson* is

"limited in scope and does not authorize this Court's consideration of Petitioner's claim that his sentence violates *Begay*.").

Accordingly, the Court finds that Petitioner's Supplemental Motion is an unauthorized successive § 2255 motion, and thus Petitioner must first seek authorization before the Court can consider any claims made therein.

**C.     Petitioner Is Procedurally Barred from Filing a § 2241 Petition Because this Court Lacks Jurisdiction to Entertain Any § 2241 Petition Filed by Petitioner.**

In his Response to the Government's Motion to Dismiss, Petitioner argues that to the extent that his *Mathis* claims raised in his Supplemental Motion may be procedurally barred, he is entitled to file a § 2241 petition pursuant to the 28 U.S.C. § 2255(e) "savings clause." ECF No. 65 at 2. This Court, however, does not have jurisdiction to entertain a § 2241 petition from Petitioner.

Under the "savings clause," a prisoner may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). If a prisoner believes the § 2255 remedy is inadequate or ineffective, he can only file a § 2241 petition with the court that has jurisdiction over his "immediate custodian," i.e., where the petitioner is imprisoned. *United States v. Poole*, 531 F.3d 263, 271-273 (4th Cir. 2008) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)). Petitioner is currently imprisoned in West Virginia, a state over which the District Court of Maryland has no jurisdiction. Accordingly, to the extent that Petitioner intends his Response to constitute a § 2241 petition or whether he intends to file one with this Court in the future, this Court lacks the jurisdiction to entertain any § 2241 filed by Petitioner, and therefore he is procedurally barred from bringing any § 2241 petition in this Court. *See Poole*, 531 F.3d at 273.

### 3. Certificate of Appealability

Petitioner may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Petitioner's § 2255 Motion on the merits and found them either deficient or procedurally barred. No reasonable jurist could find merit in any of Petitioner's claims, and thus no certificate of appealability shall issue.

### 4. Conclusion

Based on the foregoing, the Court finds that all of Petitioner's claims either lack legal merit or are procedurally barred. Accordingly, it will **GRANT** the Government's Motion to Dismiss and will **DENY** Petitioner's Motion to Vacate and Supplemental Motion. A separate order will follow.

DATE: June 25, 2018

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE